UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| SAMUEL B. FORD, | ) |
| | ) |
| Petitioner, | )  Civil Action No. 7: 21-02-WOB |
| | ) |
| v. | ) |
| | ) |
| CHRIS RIVERS, Warden, | )  **MEMORANDUM OPINION** |
| | )  **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Samuel Ford is an inmate currently confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. In October 2020, while he was confined at the federal penitentiary in Thomson, Illinois, Ford filed an original and supplemental habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his federal sentence. [R. 1, 7] When Ford was later moved to a federal penitentiary in this district, the federal court in Illinois transferred his petition to this Court. [R. 9] The Court conducts an initial review of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 2011 Ford was indicted in Cedar Rapids, Iowa on two federal charges for trafficking in crack cocaine and heroin in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), 851, 860(a). The second of those counts charged Ford with dealing drugs within 1,000 feet of a school and resulting in the death of one of his buyers. *United States v. Ford*, No. 1: 11-CR-46-LRR-MAR-1 (N.D. Iowa 2011) [R. 32 therein]. Ford had numerous prior convictions in Chicago, Illinois for violent felonies as well as for drug possession and trafficking. Therefore, before trial the government filed a notice of its intent to seek enhanced penalties pursuant to 18 U.S.C. § 851. [R. 91 therein] The statute in effect at the time of Ford's offense conduct provided that "[i]If any person commits a

1

violation of [*inter alia*, §§ 841 or 860] after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A)(viii) (Aug. 3, 2010).

During a four-day trial, a government expert testified that while no heroin was found in the victim's body, this did not mean that he had not ingested or injected any heroin during the night in question. [R. 148 therein] A jury found Ford guilty on both counts, specifically finding on the second count that Ford sold the drugs within 1,000 feet of a school and that the drugs were a contributing factor in the death of the victim. [R. 131 therein] In December 2011 the trial court sentenced Ford to life imprisonment on one count with the "death results" enhancement and to a concurrent 360-month term of imprisonment on the remaining drug trafficking count. [R. 151 therein]

Ford appealed, challenging among other things the adequacy of the evidence to convict him of the "death results" enhancement. The Eighth Circuit affirmed, holding sufficient the testimony of numerous witnesses that Ford gave the victim heroin on the night of his death and that the victim used the heroin obtained. *United States v. Ford*, 717 F. 3d 612, 619-21 (8th Cir. 2013). But the United States Supreme Court granted *certiorari* and vacated that opinion for further consideration in light of its intervening decision in *Burrage v. United States*, 571 U.S. 204 (2014) (holding that use of the defendant's drug must be a "but for" cause of the victim's death to permit application of Section 841(b)(1)'s "death results" enhancement). *See Ford v. United States*, 571 U.S. 1189 (2014). On remand, the Eighth Circuit found the evidence adduced at trial insufficient to meet *Burrage*'s heightened standard of causation. It therefore vacated Ford's sentence for the "death results" count and directed the trial court to "enter judgment on the lesser included offense of distribution of a controlled substance within 1,000 feet of a protected location. *See* 21 U.S.C.

2

§ 841(a)(1) and 860(a). We remand for resentencing consistent with this opinion." *United States v. Ford*, 750 F. 3d 952, 954-56 (8th Cir. 2014).

During resentencing proceedings, the trial court and the parties agreed that Ford was still subject to a mandatory sentence of life imprisonment on the remanded drug trafficking count because the offense conduct was committed within 1,000 feet of a school. [R. 221 therein] Therefore in October 2014 the trial court resentenced Ford to the same sentence of life imprisonment on the "protected location" count and to a concurrent 360-month term of imprisonment on the remaining drug trafficking count. [R. 212 therein] Ford again appealed, contending that his sentence was not authorized by statute and would violate the Eighth Amendment if it was. The Eighth Circuit rejected both arguments and affirmed. *United States v. Ford*, 642 F. App'x 637 (8th Cir. 2016). The United States Supreme Court denied Ford's petition for a writ of *certiorari* on October 31, 2016. *Ford v. United States*, 137 S. Ct. 401 (2016).

In January 2017, Ford filed a motion seeking relief pursuant to 28 U.S.C. § 2255. Ford challenged his convictions and sentence on the ground that his counsel was ineffective in several respects, including for his failure to challenge or object to the validity of the search of his vehicle, the sufficiency of the indictment, the violation of his rights under the Confrontation Clause, and application of the career offender designation to impose his concurrent 360-month sentence in light of *Johnson v. United States*, 576 U.S. 591 (2015). *Ford v. United States*, No. 1:17-CV-7-LRR-MAR (N.D. Iowa 2017) [R. 1 therein].[1] Notably, the United States Supreme Court issued

---

[1] Although Ford had 13 prior felony convictions from Illinois, the trial court stated during the sentencing hearing that its finding that Ford qualified as a career offender was based upon several particular predicates, including a 1999 conviction for aggravated vehicular hijacking with a weapon, a 1999 conviction for aggravated battery in a public place, a 2008 conviction for delivery of a controlled substance within 1,000 feet of a school, and a 2008 conviction for delivery of a controlled substance within 1,000 feet of a park. *United States v. Ford*, No. 1: 11-CR-46-LRR-MAR-1 (N.D. Iowa 2011) [R. 167 therein].

3

its decision in *Mathis v. United States*, 579 U.S. 500 (2016) in June 2016 – four months before Ford's conviction became final and seven months before he filed his § 2255 motion. Nonetheless, although Ford filed numerous "supplements" to his original § 2255 motion [R. 9, 11, 12 therein], in none of them (or at any time during the next three years when his motion remained pending) did he make any argument that the career offender enhancement could no longer apply in light of *Mathis*. The trial court denied Ford's § 2255 motion in an extensive opinion in January 2020, and the Eighth Circuit denied Ford a certificate of appealability in June 2020. [R. 21, 27 therein]

Ford filed his § 2241 petition shortly thereafter. In it Ford asserts - for the first time and in a single sentence - that following the Supreme Court's decision in *Mathis*, his prior Illinois drug convictions no longer qualify as predicate "felony drug offenses," and thus the career offender enhancement does not apply. [R. 1 at 6] Ford bases his argument upon two recent decisions, one by the Seventh Circuit and another from a district court in Illinois. Both cases hold that two different subsections of two different Illinois drug statutes proscribe a broader swath of conduct than their federal counterparts in the Controlled Substances Act, and thus do not qualify as a prior "felony drug offense." [R. 7 at 5 (*citing United States v. Ruth*, 966 F. 3d 642 (7th Cir. 2020) and *Wadlington v. Werlich*, No. 17-CV-449-SMY, 2020 WL 1692533 (S.D. Ill. April 7, 2020)].[2]

---

[2] Ford also asserts that he is actually innocent of distributing heroin with 1000 feet of a school. However, his only argument in support of that contention is that "every toxicologist testified that the person who died test negative in his blood and urine for heroin." That argument is relevant only to the "death results" enhancement, not the enhancement for selling drugs in close proximity to a school. This claim therefore fails on its own terms. And Ford acknowledges that he has made this argument in a prior appeal. [R. 1 at 6] Because Ford had a prior opportunity to assert this claim and actually did so, he cannot assert that claim in a § 2241 proceeding. *Wright v. Spaulding*, 939 F.3d 695, 703, 705 (6th Cir. 2019).

4

The Court must dismiss Ford's petition because his claims are not cognizable in a § 2241 proceeding. A § 2241 petition is designed as a vehicle for challenges to decisions made within the prison walls that affect the duration of the prisoner's sentence, such as when prison officials compute sentence credits, revoke good conduct time, or determine parole eligibility. *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021); *Terrell v. United States*, 564 F. 3d 442, 447 (6th Cir. 2009). In contrast, a § 2255 motion filed in the sentencing court constitutes "the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495; *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 2003). Generally a prisoner may not challenge his conviction or sentence by filing a § 2241 petition, which is not an additional or alternative remedy to a § 2255 motion. *Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

There is an exception to this rule, but it is extraordinarily narrow. 28 U.S.C. § 2255(e) permits a prisoner to file a § 2241 petition to challenge his conviction or sentence only if the remedy provided by § 2255 is structurally "inadequate or ineffective" to seek relief. *Taylor*, 990 F.3d at 496. That test is not satisfied simply because the remedy under § 2255 is no longer available, whether because the prisoner did not file a § 2255 motion, the time to do so has passed, or the motion was denied on substantive grounds. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Instead, a prisoner wishing to petition under § 2241 for these purposes must point to a new decision of the United States Supreme Court which establishes, as a matter of statutory interpretation, either that his federal conviction is invalid because his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his federal sentence is excessive because one or more of

5

his prior convictions could not be properly used to enhance it, *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

The prisoner must rely upon a Supreme Court decision; a decision from a lower court or a federal court of appeals will not suffice. *Hueso v. Barnhart*, 948 F.3d 324, 334-35 (6th Cir.), *cert. denied*, 141 S. Ct. 872 (2020). The Supreme Court decision relied upon must be retroactively applicable to cases on collateral review. *Hill*, 836 F. 3d at 595. And the prisoner must demonstrate that he had no prior reasonable opportunity, either on direct appeal or in an initial § 2255 motion, to make his argument that "a new Supreme Court case hints his conviction or sentence may be defective." *Wright*, 939 F.3d at 703. If the prisoner's § 2241 petition fails to satisfy these criteria, the habeas court lacks jurisdiction to entertain it. *Taylor*, 990 F. 3d at 499.

With respect to a sentencing challenge the habeas claim, if well taken, must indicate error sufficiently grave to be deemed "a complete miscarriage of justice." To do so the challenged sentence must exceed the maximum permitted by law, whether by statute, *McCormick v. Butler*, 977 F. 3d 521, 528-29 (6th Cir. 2020), or under the mandatory Sentencing Guidelines prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See Hill*, 836 F.3d at 599; *Snider v. United States*, 908 F.3d 183, 192 n.5 (6th Cir. 2018). A within-guidelines sentence imposed under the post-*Booker* advisory guidelines regime is not susceptible to collateral attack under § 2241. *Hueso*, 948 F.3d at 332 (*citing Bullard v. United States*, 937 F.3d 654, 658-61 (6th Cir. 2019)).

Ford's claim under *Mathis* does not satisfy these demanding criteria. First, Ford's conviction was not yet final when *Mathis* was decided in June 2016, and *Mathis* is therefore not a "new" decision upon which he may rely to open the gateway to relief under § 2241. Likewise, *Mathis* was decided seven months before Ford filed his initial § 2255 motion, and he therefore

6

cannot demonstrate that he had no prior reasonable opportunity to assert a claim under it in his § 2255 motion. *Wright*, 939 F.3d at 703. Indeed, Ford readily acknowledges that "*Mathis* was available when he filed his first 2255 motion." [R. 7 at 7] But having failed to take advantage of a readily-available opportunity to assert his *Mathis* claim in his initial § 2255 motion, Ford may not attempt to do so for the first time now in his § 2241 petition.

Ford also points to the Seventh Circuit's decision in *Ruth* as grounds for relief. This case cannot assist Ford because, as noted above, a § 2241 petitioner must rely upon a decision of the United States Supreme Court for relief. *Taylor*, 990 F.3d at 499 (emphasizing that a petitioner "must identify a *Supreme Court* decision that reinterprets the statute of conviction" and noting that a federal appeals court "is not the Supreme Court.").

In any event, while Ford cites to *Mathis* in support of his claim, his argument does not actually rest upon it. When trying to open the door to relief under § 2241, the Sixth Circuit has made clear that "[a] new case matters only, if at all, because of the *new legal arguments* it makes available." *Wright*, 939 F.3d at 705 (emphasis in original). *Mathis* expounded upon application of the "categorical" or "modified categorical" approaches. But Ford does not contend that the trial court committed an error of a kind revealed by *Mathis*: he does not allege that it incorrectly determined that his prior offenses were committed under divisible statutes, or that it improperly consulted *Shepard* materials to decide the nature of his underlying offenses. *See Mathis*, 136 S.Ct. at 1249. Instead, Ford argues only that the state statutes under which he was convicted proscribe a broader range of conduct than the generic offense. This is merely an overbreadth argument under *Taylor v. United States*, 495 U.S. 575 (1990), and is one that he could have made before the trial court at the sentencing hearing, on direct appeal, or in an initial motion under § 2255. Ford's claim is not actually grounded upon *Mathis*, and merely reciting its name does not permit him to assert

7

his overbreadth claim in a § 2241 petition. *See Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018) (requiring § 2255 petitioner purportedly asserting a claim under *Johnson v. United States*, 576 U.S. 591 (2015) to establish that trial court actually applied the since-invalidated residual clause when it imposed sentence).

Finally, the Sixth Circuit and many others have long held that the categorical approach described in *Mathis* simply does not apply when determining whether a prior state conviction qualifies as a "felony drug offense" under 21 U.S.C. § 802(44). *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001) ("this court does not employ a categorical approach to determining (*sic*) whether a prior conviction constitutes a 'felony drug offense' for purposes of section 841(b)(1)."). This longstanding rule remains undisturbed by numerous Supreme Court decisions, including *Mathis*, regarding career offender provisions under both the Armed Career Criminal Act and the Sentencing Guidelines. *See Meeks v. Kizziah*, No. 20-5420, 2020 WL 9396243, at *2 (6th Cir. Dec. 15, 2020) (making it clear that *Descamps* and *Mathis* are inapplicable to sentences enhanced based on prior felony drug offenses); *Silva v. Kizziah*, No. 19-5914, 2020 WL 710789, at *2 (6th Cir. Jan. 9, 2020) ("... even if Silva could meet the first two elements of Hill, he cannot demonstrate that his sentence was 'misapplied' because this court does not utilize the categorical approach to determine whether a prior conviction is a 'felony drug offense' under § 841(b)(1)(A)."); *Romo v. Ormond*, No. 17-6137, 2018 WL 4710046, at *2 (6th Cir. Sept. 13, 2018) ("*Mathis*, upon which Romo relies, is inapplicable to sentences enhanced under § 841(b)(1)(A)."), *cert. denied*, 139 S. Ct. 1230 (2019). *See also United States v. Sheffey*, 818 F. App'x 513, 520 (6th Cir. 2020) ("There is no requirement [in U.S.S.G. § 4B1.2(b)] that the particular controlled substance underlying a state conviction also be controlled by the federal government.").

Accordingly, it is **ORDERED** as follows:

     1.     Samuel Ford's petition for a writ of habeas corpus [R. 1, 7] is **DISMISSED** for lack of jurisdiction.

     2.     This action is **STRICKEN** from the Court's docket.

This the 3rd day of March, 2022.

Signed By:
*William O. Bertelsman* WOB
United States District Judge